IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**MICHAEL WINSTON,**               )
       **Plaintiff,**               )          C.A. No. 1:20-cv-150
                                    )
       **v.**                       )
                                    )
**KAREN DANIELS,**                 )          **District Judge Baxter**
       **Defendant.**               )

**MEMORANDUM OPINION**

This action was filed in this Court on June 20, 2020. Plaintiff, acting pro se, sought leave to proceed in forma pauperis. Plaintiff's request was granted and his complaint was filed.

Plaintiff has been ordered to resubmit a USM-285 form for the Defendant identified in his complaint so that the U.S. Marshal Service could accomplish service. ECF No. 6. Plaintiff was also ordered to show cause for his failure to resubmit the USM-285 form. ECF No. 7. As of this date, Plaintiff has failed to comply with either of these orders.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case due to failure to prosecute is appropriate. *Hildebrand v. Allegheny County*, 923 F.3d 128 (3d Cir. Apr. 24, 2019) *citing Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 868 (3d Cir. 1984). The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. *Id*. at *3, *quoting Poulis*, 747 F.2d at 868.

1

Applying the *Poulis* factors to the present matter, this Court will dismiss this matter. As of today's date, Mr. Winston has not done anything to prosecute his case since the filing of his complaint two years ago. year. Mr. Winston is proceeding *pro se* and therefore bears personal responsibility for this failure in the prosecution of his claims. *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). Alternative sanctions, such as monetary penalties or attorney's fees, are generally inappropriate with indigent parties like Mr. Winston. *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). The two-year delay in serving Defendant Ms. Daniels has likely prejudiced her ability to defend herself.

This Court finds that three of the *Poulis* factors, as described above, weigh in favor of dismissal based on Mr. Winston's failure to prosecute. Although it is possible that Mr. Winston's allegations could state a claim upon which relief could ultimately be granted, the merits of the claim are impossible to determine at this stage of the proceedings (based solely on his pro se complaint) and so this factor is neutral. The other two *Poulis* factors (the history of dilatoriness and whether the conduct was willful or in bad faith) are also neutral as this case is in its infancy procedurally and there is no basis upon which to make any such findings.

So then, three of the six *Poulis* factors weigh in favor of dismissal, while three of the six are neutral. Not all of the six *Poulis* factors need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988). Here, the bottom line is that without Plaintiff's cooperation in the service of his complaint on Defendant, this case cannot proceed. *See also* Federal Rule of Civil Procedure 4. Accordingly, this case will be dismissed due to Plaintiff's failure to prosecute. This dismissal will be without prejudice.

An appropriate Order follows.